IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISAN CONTANT, :
:
    Plaintiff :
: CIVIL NO. 1:CV-16-1908
  vs. :
: (Judge Caldwell)
ATTORNEY GENERAL OF THE :
UNITED STATES, LORETTA LYNCH, :
:
    Defendant :
:

*M E M O R A N D U M*

I.   *Introduction*

      Isan Contant, a citizen and resident of Trinidad and Tobago, filed this Complaint seeking relief against the Board of Immigration Appeals (BIA) under the Administrative Procedure Act (APA) asking the BIA to clarify its October 25, 2013, decision. (ECF No. 1, Compl.)

      Presently before us are Contant's motion for recusal and motion for counsel. For the reasons that follow, both motions will be denied.

II.   *Abbreviated Statement of Contant's Immigrations Proceedings*

      Isan Contant entered the United States in 2004 on a tourist visa, and stayed longer than permitted. On October 3, 2007, pursuant to a guilty plea, Contant was convicted and sentenced to one year of imprisonment and two years of probation for criminal possession of cocaine in New York. *See People v. Contant*, 77 A.D.3d 967, 910

N.Y.S.2d 482, 2010 WL 4243191 *1, (N.Y.A.D. 2 Dept., Oct. 26, 2010). The New York appellate court affirmed the conviction on direct appeal on October 26, 2010. (*Id.*) In December 2007, the Department of Homeland Security charged Contant with being removable because he overstayed his visa. He was taken into custody on March 7, 2008, and ordered detained without bond. The BIA upheld that decision on appeal, and the Third Circuit affirmed. *See Contant v. Att'y Gen.*, 441 F. App'x 105 (3d Cir. 2011) (nonprecedential).

In October 2008, Contant filed a petition pursuant to 28 U.S.C. § 2241 in this court claiming that his indefinite detention violated his right to due process. We denied that petition. *Contant v. Mukasey*, No. 1:CV-08-1852, 2009 WL 427244 (M.D. Pa. 2009) (Caldwell, J.). Our decision was affirmed on appeal. *Contant v. Holder*, 352 F. App'x 692 (3d Cir. 2009)(nonprecedential). Contant's petition for writ of certiorari was denied on June 14, 2010. *Contant v. Holder*, 560 U.S. 971, 130 S.Ct. 3424, 177 L.Ed.2d 335 (2010).

Approximately two years later, Contant filed another habeas petition challenging his continued detention by Immigration and Customs Enforcement (ICE). *Contant v. Holder*, No. 10-CV-0001 (M.D. Pa.) (Caldwell, J.). We dismissed that petition as moot as he was no longer in ICE custody when we resolved the petition. Contant did not appeal the order. On or about December 15, 2010, Contant was released from ICE custody and was a federal pre-trial detainee after being indicted on charges for preventing or hampering his removal. (*Id.*, ECF No. 29, Order of Feb. 11, 2011).

On September 10, 2010, Contant received a final order of removal. *Contant v. Sabol*, 987 F. Supp. 2d 323 (S.D.N.Y. 2013). ICE officials then made numerous attempts to remove him from the United States, but Contant thwarted those efforts. In February 2011, following a non-jury trial before the Honorable Yvette Kane of this district, Contant was found guilty of hindering his own removal from the United States in violation of 8 U.S.C. § 1253(a)(1)(c). *United States v. Contant*, 467 F. App'x 141 (3d Cir. 2012) (nonprecedential).

In October 2013, "[n]ot withstanding [Contant's] current absence from the United States," the BIA reopened his immigration case pursuant to its authority to do so *sua sponte* and remanded the matter to the immigration judge "to allow the parties to present evidence regarding the respondent's eligibility for a visa petition and, if necessary, for consideration of his application for adjustment of status." (ECF No. 1, p. 8). The BIA remanded the record "to the Immigration Court for further proceedings consistent with the forgoing decision." (*Id.*)

Contant then filed a pro se coram nobis petition in this district before Judge Kane, arguing "inter alia, that [his] conviction could not stand because the BIA's [2013] grant of reopening meant that there was no longer a final order of removal outstanding against him." *United States v. Contant*, 638 F. App'x 146, 147 (3d Cir. 2016)(nonprecedential). On September 12, 2014, Contant's coram nobis petition was denied. (*Id.*) Judge Kane found that "the reopening of Contant's removal proceedings 'does not automatically and retroactively overturn his conviction under a then-valid and

-3-

administratively final order of removal." *Id.* at 148.  On appeal, the Third Circuit affirmed the District Court's denial of his coram nobis petition. *Id.*

On December 16, 2013, the immigration judge granted the Department of Homeland Security's motion to administrative close proceedings.  On January 16, 2014, the immigration judge terminated Contant's proceedings.  (ECF No. 1, p. 9).  At some point Contant asked the BIA to clarify it's October 25, 2013, decision.  (*Id.*)  The BIA, noting that his "proceedings have been terminated and nothing remains before [the BIA] to consider," denied Contant's request "for lack of jurisdiction."  (*Id.*)

III.    *Discussion*

   A.    *Motion for Recusal*

Contant requests that I recuse myself from this action because I previously denied his two habeas petitions requesting release from ICE detention.  He claims that despite his presentation of facts in those cases, I "did not release [him] from slavery." (ECF No. 4, p. 2).  He believes my actions in those cases "create[ ] the appearance in a reasonable mind that there exist (sic) an improper, unethical motivation on [my] part" which requires recusal.  (*Id.*)

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In*

*re: Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004).  "Under subsection (a), questions of impartiality must be viewed on 'an objective basis, so that what matters is not the reality of bias or prejudice but its appearance.'"  *United States v. King*, ___ F. App'x ___, ___, 2016 WL 5403629, at *2 (3d Cir. 2016)(nonprecedential) (quoting *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 1154, 127 L.Ed.2d 474 (1994)).

The Third Circuit has made it clear that "adverse rulings — even if they are erroneous — are not in themselves proof of prejudice or bias."  *Arrowpoint Capital Corp. V. Arrowpoint Asset Management, LLC*, 793 F.3d 313, 330 (3d Cir. 2015); *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal."). Rulings and orders "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal."  *Liteky*, 510 U.S. at 555, 114 S.Ct. at 1157.  Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.*, 114 S.Ct. at 1157.

Under this standard, the undersigned need not recuse himself.  Contant's motion for recusal is premised exclusively on the prior unfavorable rulings concerning his continued ICE detention.  The one case he did appeal to the Third Circuit was affirmed.  *See Contant v. Holder*, 352 F. App'x 692 (3d Cir. 2009)(nonprecedential).  His

-5-

dissatisfaction with these decisions is not a proper basis for recusal. His motion for recusal will therefore be denied.

### B.  Motion for Counsel

This is a civil action, not a criminal one. Hence the plaintiff has no constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third

Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel."  *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Here, Contant seeks court-appointed counsel on the basis of his indigency and the alleged complexities of this case.  We have recently ordered that the Complaint be served on Defendant.  Until a response is received, the court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.  Moreover, we note Contant's extensive experience litigating his criminal and removal matters before this and other courts.  His filings are clearly worded and present logical concise arguments, including citation to case law.  To the extent that Contant's request for counsel is based on his indigency, this does not

-7-

warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  At this point in the litigation, there is no evidence that any prejudice will befall Contant in the absence of court-appointed counsel.  Consequently, his request for counsel will be denied.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  October 11, 2016