FILED
SCRANTON
FEB 15 2018

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ISAN CONTANT, :
:
       Plaintiff :
: CIVIL ACTION NO. 1:CV-16-1908
v. :
: (Judge Conaboy)
ATTORNEY GENERAL OF THE :
UNITED STATES, LORETTA :
LYNCH, :
:
       Defendant :

**MEMORANDUM**

**I.   Introduction**[1]

  Isan Contant, a citizen, native and resident of Trinidad and Tobago, brings this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and the Administrative Procedure Act (APA), 5 U.S.C. § 702, against former Attorney General Loretta Lynch.  In his Complaint, Contant asks the Court to:  (1) declare that the Board of Immigration Appeals' (BIA) decision that it lacked jurisdiction to address his "motion to clarify" its October

---

[1] On February 5, 2018, this case was reassigned from the Honorable William W. Caldwell to the undersigned for further disposition.

25, 2013 decision remanding his case to an Immigration Judge (IJ) violated the APA; (2) declare the BIA's denial violated Plaintiff's Due Process rights; (3) require the BIA to address his "motion to clarify" or declare his order of removal void ab initio. (Doc. 1, Compl.) Defendant has filed a motion to dismiss based on Contant's failure to state an APA or Bivens claim and fails to demonstrate any actual harm as a result of the BIA's decision. (Doc. 26, Mot. to Dismiss.) Contant failed to file a response to Defendant's motion.

For the reasons set forth below, the Court will grant Defendant's motion to dismiss. Contant's pending motion to expedite (Doc. 31) the proceedings in this case will be denied as moot.

II. **Standard of Review**

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint "for failure to state a claim upon which relief can be granted." In accordance with Fed. R. Civ. P. 12(b)(6), the district court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff is entitled to relief." Fowler v.

UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). The court may also rely on exhibits attached to the complaint and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).

Pursuant to Fed. R. Civ. P. 8(a), a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." "[T]he factual allegations of a complaint 'must be enough to raise a right to relief above the speculative level' and the complaining party must offer 'more than labels and conclusions' or 'formulaic recitation of the elements of a cause of action.'" W. Run Student Hous. Assocs., LLC. v. Huntingdon Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Bell Atl. Copr. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Legal conclusions are "not entitled to the assumption of truth." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

(citing Twombly, 550 U.S. at 555, 127 S.Ct. at 1964). Courts "disregard such legal conclusions." In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 633 (3d Cir. 2017)(citing Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

Additionally, pro se pleadings must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" Fantone v. Latini, 780 F.3d 184 (3d Cir. 2015) (citing Haines v. Kerner, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); see also Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. See Estate v. Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is

properly dismissed without leave to amend. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 106 (3d Cir. 2002).

### III. Abbreviated Statement of Contant's Immigration Proceedings

Contant, a citizen of Trinidad and Tobago, entered the United States in 2004 on a tourist visa, and stayed longer than permitted. At some point in time he married a United States citizen, Shirley Wright. (Doc. 1, Compl.) In October 2007, he pleaded guilty to a drug charge, criminal possession of cocaine, in New York. In December 2007, the Department of Homeland Security (DHS) charged him with being removable for overstaying his tourist visa. Upon being paroled from his criminal charges, he was taken into immigration custody on March 7, 2008.

While in removal proceedings, Contant sought an adjustment of his status pursuant to an I-360 petition (entitled "Petition for Amerasian, Widow(er), or Special Immigrant") he filed with the United States Citizenship and Immigration Services (USCIS). In his I-360 petition, Contant claimed he was a battered spouse seeking to adjust his immigration status, which, in turn, would have an effect on his removal proceedings. On August 24, 2009, USCIS determined that he "had not established [his] eligibility for the desired

classification" and specifically noted that he could "not be found to be a person of good moral character" due to his criminal arrests and convictions. See Doc. 29-1, Ex. 1; see also Contant v. Att'y Gen., 441 F. App'x 105, 106 - 07 (3d Cir. 2011) (affirming denial of continuance/order of removal and subsequent motions to reopen removal proceedings). In September 2010 Contant sought the reopening or reconsideration of USCIS's earlier decision. Finding that Contant had not provided any new facts or otherwise established that the August 2009 decision was otherwise incorrect based on evidence of record at the time of the initial decision, USCIS denied Contant's motion on July 8, 2010. See Doc. 29-1, Ex. 2.

In the interim, on June 14, 2010, an IJ ordered Contant removed from the United States and denied his request for a continuance based on his submission of a motion to reconsider the denial of his Form I-360. See Contant v. Holder, 1:10-CV-00001 (M.D. Pa.), Doc. 27-1, Ex. 3, Decision and Order. On November 8, 2010, the BIA denied Contant's motion to reopen his removal proceedings based on a new I-360 petition. See Doc. 29-1, Ex. 3. The BIA noted that "[t]he respondent's last Form I-360 was denied, and the respondent has not submitted evidence which would persuade us that his proffered application is prima facie approvable." Id.

In 2010, after Contant twice thwarted immigration officials' efforts to remove him from the United States, Plaintiff was charged (in this district) with hindering his removal in violation of 8 U.S.C. § 1253(a)(1)(C). See Doc. 29-2, United States v. Contant, 679 F. App'x 95 (3d Cir. 2017). On June 23, 2011, Contant was found guilty of hindering his removal and sentenced to 14 months' imprisonment. See United States v. Contant, No. 1:10-CR-355, Judgment (M.D. Pa., issued June 23, 2011); aff'd, 467 F. App'x 141 (3d Cir. 2012) (Contant I). Contant was released from the Federal Bureau of Prisons on December 13, 2011 and was removed from the United States to Trinidad and Tobago, where he currently resides, sometime around February 7, 2012. See Doc. 29-1, Ex. 4.

In January 2012, the BIA denied Contant's second motion to reopen his removal proceedings. See Id., Ex. 5. However, on October 25, 2013, the BIA sua sponte, reopened Contant's removal proceedings and remanded the matter to the IJ for additional proceedings.[2] The remand was based on Contant's submission of a January 17, 2012, I-797 Notice of Action by the USCIS. The BIA held that:

---

[2] The BIA may, at any time, exercise its discretion to reopen removal proceedings sua sponte. See 8 C.F.R. § 1003.2(a); Patel v. Att'y Gen. of U.S., 442 F. App'x 724, 725 (3d Cir. 2011).

- 7 -

> [Contant] had demonstrated prima facie eligibility for a Form I-360 petition approval. This Form I-797 has not been proffered before this Board, but our previous denials of the respondent's motions were based on August 24, 2009, and July 8, 2010, findings by the USCIS that the respondent had not demonstrated prima facie eligibility for a section 204(a)(1) battered spouse self-petition. (Nov. 8, 2010 Bd. Dec. at 1, 2012 Bd. Dec. at 1). Notwithstanding the respondent's current absence from the United States, we now find it appropriate to remand the record under our sua sponte authority to allow the parties to present evidence regarding the respondent's eligibility for a visa petition and, if necessary, for consideration of his application for adjustment of status.

Id.

On December 16, 2013, the IJ granted DHS's motion to administratively close Contant's removal proceedings until he returns to the United States. See Id., Exs. 6 and 7. On January 16, 2014, the IJ terminated proceedings "without prejudice to reinstating." Id., Ex. 8. The IJ noted that the parties' appeals were due by February 18, 2014. Id. A copy of the IJ's order was mailed to Contant in Trinidad and Tobago, at the same address he presently has on file with the Court. Contant did not file an appeal.

On March 2, 2016, Contant filed a "motion to clarify" with the BIA seeking clarification of its October 25, 2013 Order. Id., Ex. 8. The BIA asserted that it lacked

jurisdiction to consider Contant's motion "because the respondent's proceedings have been terminated and nothing remains before this Board to consider." Id., Ex. 9. Contant claimed he never knew of the BIA's remand to the IJ or the IJ's termination of his removal proceedings. (Doc. 1, Compl.)

The BIA's October 25, 2013 order fueled two unsuccessful coram nobis challenges to have his hindering removal petition overturned. See United States v. Contant, No. 1:1-cr-0355, 2014 WL 4546240, at *3 (Sept. 12, 2014)(motion filed Apr. 7, 2014), aff'd In re Contant, 638 F. App'x 146 (3d Cir. 2016) (Contant II) and United States v. Contant, 679 F. App'x 95 (2017) (Contant III) (reciting Contant's challenges to his hindering removal conviction based on the BIA's 2013 order). The Third Circuit Court of Appeals affirmed the district court's holding in both instances holding that at the time of his criminal indictment and conviction for hindering his removal, a valid order of removal was in place and that the reopening of his removal proceedings in 2013 was based on events that transpired after Contant was charged and prosecuted for hindering his removal.

On September 19, 2016, Contant filed the instant action concerning the BIA's refusal to address his "motion to clarify" their October 25, 2013 Order remanding his case to

the IJ to consider his eligibility for a visa petition based on the USCIS's issuance of a I-797 Form, and if necessary, consideration of his application for adjustment of status. (Doc. 1, Compl.) Contant seeks to learn if the decision voided his removal order <u>ab</u> <u>initio</u> or prospectively. He claims to have no other recourse than this Court as the BIA refused to consider his motion. He claims that BIA's failure to clarify its order adversely affects his ability to vacate his hindering removal conviction, his ability to travel to the United States without "threat of further enslavement," and "his immigration proceedings for adjustment of status". <u>Id.</u>, p. 2.

## IV. Discussion

### A. The Administrative Procedures Act

The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof." 5 U.S.C. § 702; <u>see also</u> <u>Smriko v. Ashcroft</u>, 387 F.3d 279, 290 (3d Cir. 2004). The APA provides for review of a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. However, the APA precludes the right of review to the

extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law. Chehazeh v. Att'y Gen. of U.S., 666 F.3d 118, 127 (3d Cir. 2012). "The form of review must conform with any relevant 'special statutory review' provision in the statutes governing the agency." Id.

To demonstrate standing under the APA, the plaintiff must show that he has suffered, or will suffer, a sufficient injury in fact. Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co., 522 U.S. 479, 488, 118 S.Ct. 927, 933, 140 L.Ed.2d 1 (1998). "An injury in fact" requires the plaintiff have suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Spokeo, Inc. v. Robins, ___ U.S. ___, ___, 136 S.Ct. 1540, 1548 , 194 L.Ed.2d 635 (2016); see also Pa. Dep't of Pub. Welfare v. Sebelius, 674 F.3d 139, 155 - 56 (3d Cir. 2012).

Assuming, without deciding, for the purposes of this memorandum that the BIA's denial of Contant's motion for clarification constitutes a "final agency action," the Court can dismiss Contant's APA claim based on his lack of injury-in-fact. Contant alleges that he will be adversely affected by the BIA's refusal to consider his clarification motion

because it will: (1) impact his ability to vacate his criminal conviction for hindering his removal; (2) affect his ability to travel to the United States; and (3) affect his immigration proceedings for adjustment of status. Contant's first argument is without merit. Contant does not suggest how the BIA's failure to consider his motion to clarify has harmed his ability to attack his criminal conviction for hindering his removal. Since the BIA's issuance of its remand order, Contant, while located in Trinidad and Tobago, filed two <u>coram nobis</u> petitions which have been denied by the trial court and affirmed by the Third Circuit Court of Appeals. Contant has not come forward with any legal arguments, or other evidence, that would contradict the Third Circuit Court of Appeals' decision that he was subject to a valid order of removal at the time of his conviction for hindering his removal. Likewise, Contant does not suggest how the BIA's failure to consider his motion for clarification would impact any other efforts by which he seeks to attack his criminal conviction. Similarly, Contant has failed to demonstrate he has suffered any harm due to the BIA's failure to consider his motion to clarify with respect to his ability to travel to the United States or seek an adjustment of his status. Contant was removed from the United States pursuant to a valid order of

removal, as previously determined by the Third Circuit Court of Appeals. The BIA's sua sponte order to reopen his removal proceeds and remand the matter to the IJ occurred after his removal and does not undo the effect of his prior violation of hindering his removal. Additionally, contrary to Contant's assertion, he is not placed under "threat of further enslavement" if he seeks to travel to the United States following the BIA's failure to consider his motion for clarification. As Contant was removed pursuant to a valid order of removal, if he wishes to travel to the United States and request a waiver of admissibility based on the USCIS's issuance of Form I-797, he is free to do so. Aliens who seek to adjust their status from outside of the United States and who were unlawfully in the United States for a year or more are inadmissible to the United States for ten years from the date of departure. 8 U.S.C. § 1182(a)(9)(B)(i)(11). Contant makes no showing that he has sought a visa or adjustment of status, and that his efforts were affected by the BIA's failure to resolve his "motion for clarification" when the IJ terminated his proceedings without prejudice. Any such claim of harm or injury with respect to his possible future travel to the United States is speculative at best and cannot serve as the basis of establishing standing under the APA. Contant

has not demonstrated how his order of removal was void <u>ab initio</u> or prospectively would not assist him to gain reentry to the United States after he was removed pursuant to a valid order of removal. Accordingly, he has failed to demonstrate that he has suffered legal harm from the BIA's denial of his motion and thus lacks standing to pursue an APA claim.

Additionally, with respect to his APA claim, Contant fails to demonstrate that he lacks other recourse if this Court does not address his claim. Contant states he learned for the "first time," in 2016, that his removal proceedings had been terminated in his favor back in 2014 by the immigration court. <u>See</u> Doc. 1, ¶ 18. Accepting this fact as true, Contant fails to offer any argument as to why, when he knew of the BIA's remand in October 2013, he failed to follow up with the IJ as to the status of the BIA's prior to 2016. He does not claim government officials impeded his ability to exhaust his then available administrative remedies before the IJ or BIA. His address on file is the same as that presented to the Court in this matter. His demonstrated ability to correspond with the Courts in the United States concerning the effect of the BIA's 2013 Order after his removal undermines any argument that his living outside of the United States posed an impediment to pursuit of his immigration matters

before the IJ once alerted to the BIA's remand. This fact is underscored when noting that his <u>coram</u> <u>nobis</u> petition was filed in April 2014. The fact that Contant did not continue to pursue relief before the USCIS, the IJ, or the BIA in a timely manner does not demonstrate his lack of any other adequate remedy for the purpose of obtaining mandamus relief under the APA. Moreover, the IJ terminated his immigration proceedings without prejudice to reinstate them. As Defendant notes, if Contant seeks clarification of his removal order, he should first attempt to seek relief from the immigration court, not the BIA, and not this Court. Based on the above, Defendant's motion to dismiss Contant's APA claims will be granted.

### B. Contant's Bivens Due Process Claim

Contant claims that "[b]y failing to assume jurisdiction over the motion [for clarification] the BIA deprived Contant of due process deserved; in that Contant has a right to know whether the order or removal was vacated <u>ab</u> <u>initio</u> or prospectively." (Doc. 1, ¶ 31). There is no reason to repeat the analysis above as to Contant's Due Process claims. As noted, following the remand to the IJ, which Plaintiff was clearly aware of, he had the opportunity to move those

proceedings forward, appeal the IJ's decision to terminate the proceedings without prejudice, or seek reconsideration of the IJ's dismissal order. Again, Contant has not suffered any harm attributable to the BIA's failure to consider his motion for clarification for lack of jurisdiction. The question Contant seeks answered is only relevant with respect to his attempts to vacate his 2010 conviction for hindering his removal. As noted above, he has presented the BIA's 2013 Order to the sentencing court and the Third Circuit Court of Appeals for consideration of its possible impact on his conviction. Both <u>coram nobis</u> petitions were denied, and affirmed on appeal. As such, Contant's claim that the BIA violated his Due Process rights by failing to address his motion to clarify is without merit.

An appropriate Order be entered.

DATED: FEBRUARY 15TH, 2018

**RICHARD P. CONABOY**
**United States District Judge**